**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **FRANK HALAMA,** | ) | **CASE NO. 1:09CV1552** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **COMMISSIONER OF** | ) | |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Halama applied for benefits on November 8, 2005 alleging an onset date of August 6, 2005. In his application, Halama alleged that his disability was caused by a wide range of physical problems, including colon problems, nerve damage in his left arm, and heart problems. At his administrative hearing, however, his counsel stated the basis for Halama's claim was mental/psychological impairments.

The ALJ concluded that neither Halama's physical conditions nor his mental/psychological conditions rendered him disabled. Halama sought judicial review, and the matter was referred to Magistrate Judge Perelman. In his Report and Recommendation, the Magistrate Judge recommended overturning the ALJ's determination regarding Halama's

mental/psychological conditions, finding that these conditions rendered Halama disabled.  The Magistrate Judge concluded that the ALJ ignored the opinions of Halama's treating psychologist, Dr. Toni Johnson, and Halama's nurse/counselor, William Zrenner.

In his Objections, the Commissioner argues that the Magistrate Judge applied an incorrect legal standard, substituting his judgment for that of the Commissioner instead of determining if there was substantial evidence in the record to support the ALJ's findings. The Commissioner contends that the ALJ did not violate the treating physician rule, but rather credited the testimony of one treating doctor, psychologist Dr. Mary Benton, over the testimony of Dr. Johnson, and that the ALJ articulated his reasons for doing so.

The Court has conducted a *de novo* review of this case, and concludes that the Commissioner's objections are well taken, and that the Magistrate Judge's recommendation concerning Halama's mental/psychological conditions should be rejected.  42 U.S.C. § 405(g) provides that "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  The ALJ's findings of fact should not be disturbed unless the Court is persuaded that those findings are legally insufficient.  Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986).  If substantial evidence supports the ALJ's decision, the Court may not inquire whether the record could support an opposite conclusion.  Smith v. Sec'y. of Health and Human Services, 893 F.2d 106, 108 (6th Cir. 1989).

Faced with the conflicting conclusions of Halama's treating mental health professionals, the ALJ credited Dr. Benton over Dr. Johnson.  In his Report and Recommendation, the Magistrate Judge does not mention Dr. Benton at all.  Dr. Benton examined Halama in August and September of 2005 (shortly after Halama claims he became disabled), and diagnosed Halama with adjustment disorder with mixed anxiety and depressed mood.  Dr. Benton concluded,

however, that Halama had no known psychiatric restrictions of daily activities, and that Halama had no known problems with social interactions ( Doc. #9 at 445-46)  The ALJ determined that Dr. Benton's conclusions were more consistent with the record as a whole than were Dr. Johnson's conclusions.  This is the ALJ's call to make, not that of the reviewing Court.

Accordingly, as there is substantial evidence in the record to support the ALJ's conclusion that Halama's mental/psychological conditions did not render him disabled, the Court denies Halama's appeal.

**IT IS SO ORDERED**

                                              */s/DanAaron Polster 11/23/10*
                                                Dan Aaron Polster
                                                United States District Judge